IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JAMES KELLY**                                                            **PLAINTIFF**

V.                      **CASE NO. 5:21-CV-05108**

**MICHAEL SAVAGE; JOSH CRANE; and
JESS BRIAN MCKENZIE**                                     **DEFENDANTS**

### ORDER

Currently before the Court are Defendants' Motion to Dismiss (Doc. 26), Plaintiff's Response in Opposition (Doc. 29), and Defendants' Reply (Doc. 31) and Supplement (Doc. 32).

In December 2018, Defendants arrested Plaintiff James Kelly on charges of drinking in public, disorderly conduct, and resisting arrest. Mr. Kelly pleaded guilty and was convicted by the Benton County West District Court. He appealed his conviction to the Benton County Circuit Court and intends to proceed with a jury trial.

Mr. Kelly filed this civil rights action pursuant to 42 U.S.C. § 1983. He alleges the arrest was unlawful and states claims for unlawful search, seizure, and arrest, and excessive force. Defendants argue *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Mr. Kelly's claims. Under *Heck*, "a prior criminal proceeding must terminate in favor of the accused to support a later § 1983 claim" alleging arrest without probable cause. *Oglesby v. Lesan*, 929 F.3d 526, 535 (8th Cir. 2019).

The Court declines to reach the merits of this argument now. Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts must abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal

questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). Ongoing state criminal proceedings, like Mr. Kelly's, implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there.

When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). In cases where damages are sought, "the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention" rather than dismissal. *Night Clubs, Inc. v. City of Ft. Smith*, 163 F.3d 475, 481 (8th Cir. 1998). It is therefore appropriate to stay Plaintiff's claims.[1]

This case is **STAYED** until Mr. Kelly's state criminal case is fully resolved. Defendants' Motion to Dismiss (Doc. 26) is **DENIED WITHOUT PREJUDICE.** When Mr. Kelly's state proceedings conclude, he may file a motion to reopen the case, and, if appropriate, Defendants may refile the Motion to Dismiss. Mr. Kelly is **FURTHER ORDERED** to update the Court regarding the state proceedings' status by June 23, 2022, after which Mr. Kelly should file a status report every 90 days.

The Clerk of Court is directed to **ADMINISTRATIVELY TERMINATE THE CASE**.

**IT IS SO ORDERED** on this 28th day of March, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] Some of Mr. Kelly's claims may survive *Heck*, regardless of what transpires in state court. For example, a finding that Defendants used excessive force would not necessarily imply Mr. Kelly's conviction was invalid. *See Colbert v. City of Monticello*, 775 F.3d 1006, 1008 (8th Cir. 2014). Judicial resources, however, counsel in favor of staying all claims so that the Court may hear them at once.